180 So. 293

### WHITFIELD v. HALL.
### 2 Div. 113.

Supreme Court of Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

Geo. Pegram, of Linden, for appellant.

J. C. Locke and Clifton C. Johnston, both of Marion, for appellee.

BROWN, Justice.

This is an action of assumpsit, by the appellee against the appellant, as the administrator of W. R. Hall, deceased, to recover the amount of money paid out by the plaintiff as traveling expenses and other expenses, in carrying out and performing the duties of agent and attorney in fact of said Hall, in looking after Hall's business while Hall was confined in jail on a charge of crime, and money expended as burial expenses incident to the interment of Hall's body.

The suit was on a verified account filed by the plaintiff, as a claim, against the estate.

The filing of the claim in due form was admitted by the defendant, but within the time for pleading he filed an affidavit denying, on information and belief, the correctness and existence of the account as authorized by the statute. Code 1923, § 7666.

The pleas were the general issue, pleaded in short by consent, with leave to give in evidence any matter that would constitute a defense if specially pleaded, with like leave to the plaintiff to offer evidence in rebuttal of such special matters.

The questions presented relate to the competency of the plaintiff to testify as a witness, in support of his claim, against Hall's estate under section 7721 of the Code 1923, and the refusal of written instructions requested by the defendant.

The plaintiff testified, without objection, that on the 17th day of April, 1928, he received a telegram purporting to come from said deceased. The bill of exceptions then recites that:

"The witness then examined a paper which was handed him and testified that it was a copy of the telegram *received by the witness from the deceased.* Mr. Johnson, attorney for the plaintiff, stated that the original of the telegram had been destroyed by the agent of the Company and the copy was offered in evidence." Italics supplied.

Said copy was in words and figures as follows:

"Marion Ala Apl 17 1928
S M Hall
　　　　Houston Miss
They have put me in jail for the death of my wife I need you to come over and fix up my affairs come at once
　　　　　　　　　Will Hall."

The bill of exceptions then recites that:

"The defendant objected to the introduction of the telegram in evidence, not on the grounds of it being a copy, but on the grounds that the witness had a pecuniary interest in the result of the suit and is called to testify against the party to whose interest he is opposed as to transactions with a deceased person whose estate is interested in the result of the suit."

This objection was overruled, and was followed by a motion to exclude the telegram on the same grounds, and defendant reserved an exception to each of these rulings.

That part of the predicate laid by the testimony italicized, it may be, was subject to the objection that it was a mere conclusion of the witness; yet no objection was interposed to the predicate. The telegram, to be correct, the copy, speaks for itself, and cannot be classed as a personal transaction between the deceased and the witness, hence it was not within the inhibition of the statute as interpreted and applied by our decisions. The objection to the copy and motion to exclude was therefore overruled without error. Warten et al. v. Black, 195 Ala. 93, 70 So. 758; Southern

Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63; Moore v. Moore, 212 Ala. 685, 103 So. 892.

■ The power of attorney, the execution of which was admitted, in the hands of the plaintiff, was evidence of its due delivery, is not within the inhibition of section 7721 of the Code, and it was properly admitted in evidence in proof of plaintiff's agency and it was permissible for the plaintiff to testify to the expenditures made by him in the execution of his agency, and to refresh his recollection, it was permissible for him to refer to a memorandum made by him, and known by him to be correct. Richards v. Williams, 231 Ala. 450, 165 So. 820; Warten et al. v. Black, supra; Southern Natural Gas Co. v. Davidson, supra.

■ The expense of the burial laid out by the plaintiff, Hall's relative and former agent, constitute a proper claim against the estate, and the objection to the testimony of plaintiff in respect thereto was properly overruled. Phillips v. First National Bank of Bessemer, 208 Ala. 589, 94 So. 801; Kennedy et al. v. Parks, 217 Ala. 323, 116 So. 161; Page v. Skinner, 220 Ala. 302, 125 So. 36.

■ The question of the admissibility of the decree of the circuit court of Perry county in the will contest between plaintiff as the proponent of the will and the guardian of one of the minor heirs of the deceased, Hall, is not presented in this case, and we do not wish to be understood as holding that it was admissible against proper objections. But, conceding that it was evidence tending to show that Hall was of unsound mind on the date of the execution of the alleged will, the admitted due execution of the power of attorney by Hall some months thereafter was also evidence tending to show his restoration to sanity, and this evidence presented a question for jury decision.

Moreover, the evidence in proof of just expenditures in the burial of the decedent by the plaintiff justified the refusal of the written charges made the basis of some of the appellant's assignments of error.

This disposes of all questions presented and argued. The record and proceedings of the circuit court appear to be free of error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.