195 So. 282

## HOVEY v. STATE.

### 4 Div. 545.

Court of Appeals of Alabama.

Jan. 9, 1940.

Rehearing Denied Jan. 16, 1940.

150

M. I. Jackson and Robt. H. Bennett, both of Clayton, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of arson in the first degree. Code 1928, § 3289.

It was alleged that he "willfully set fire to, or burned or caused to be burned, or aided or procured the burning, a dwelling house, the property of Ellie Norris,"—who was shown by the testimony to be his niece.

The evidence, to our minds, is somewhat unsatisfactory; and we are not sure but that, if the question were properly presented, we would hold it insufficient to support the conviction.

The bill of exceptions sent up here, however, affirmatively discloses that it does not contain all the evidence offered on the trial. And in such circumstance it is definitely settled that we will not consider either the refusal of the trial court to give at his request the "general affirmative charge" in appellant's favor, or the refusal to grant his motion to set aside the verdict (and judgment of conviction) and grant him a new trial.

But there were errors committed in the admission of testimony against appellant which must cause the judgment appealed from to be reversed. And we will endeavor to point them out.

While Mrs. Norris (Ellie Norris) testified that she felt kindly toward appellant, and that he had "always been mighty nice to her," yet a number of the witnesses upon whom the State relied to make out its case frankly admitted their feelings of hostility toward him. And this they might do.

But the State witness James Hagler, for instance, a brother of Mrs. Ellie Norris, after so admitting, on cross-examination, his feeling of hostility toward defendant (appellant), was allowed on redirect examination, under the guise, we suppose, of "explaining" his testimony on cross-examination, to state over appellant's timely objection,—with due exception reserved—as the "why" for his hostile feeling that it was "because we feel like he burned up everything we've got." This manifestly was error.

Likewise, State's witness Ogle Norris, the husband of Mrs. Ellie Norris, after stating on cross-examination that "my feelings towards the defendant (appellant) is bad," was allowed, on redirect examination, over appellant's timely objection (with due exception reserved), to—in the language of the trial court—"explain to the jury why the state of feeling is (was) what you (he) say (said) it is (was)." We think, and hold, that it was entirely immaterial to any issue involved on the trial as to why the witness felt hostility toward defendant (appellant)—it being undenied that he did feel such hostility.

Appellant being in no way shown to be concerned, we think it was entirely immaterial as to how many houses had been burned, or had burned, on the Mrs. Price tract of land—out of which the land owned by Mrs. Ellie Norris, her daughter, came—since Mrs. Price acquired same; or that the Norris house (the burning of which was the basis of this prosecution) was "the second of

those two"—i. e., the houses on said tract which had burned since Mrs. Price first came into possession of same. And that the admission of the testimony of Carey Warr to this effect, over appellant's timely objection (with due exception reserved), was error, which, in the nature of things, was prejudicial to appellant.

Of course it was not permissible to allow the Sheriff of the County to state why any of the various State's witnesses asked him "not to accept any bond" for appellant—who was at the time in his custody. And his answer to the question calling for the "why," to-wit: "Well, some of them said they were scared Mr. Hovey would burn them out if he got out" was of the highest prejudice to appellant.

The questions propounded to the defendant (appellant) by the solicitor, on appellant's cross-examination, to-wit: (1) "Didn't you burn a church in Florida;" and (2) "Didn't you burn a house there" were obviously improper. And it is difficult to discern upon what theory appellant's objections to same were overruled. But they being answered in the negative, and it being necessary to reverse the judgment of conviction because of other errors hereinabove pointed out, we will not decide as to whether or not appellant suffered prejudice by being required to answer said questions.

We have been furnished with no brief on behalf of the appellant; but we have, as was our duty, "searched the record for error." Hughes v. State, 213 Ala. 555, 105 So. 664; Code 1923, § 3258.

And the above is the fruit of our labor.

The judgment is reversed and the cause remanded.

Reversed and remanded.