12 So.2d 754

**WORLD FIRE & MARINE INS. CO. v. EDMONDSON.**

**6 Div. 114.**

Supreme Court of Alabama.

March 25, 1943.

Mead & Moebes, of Birmingham, for appellant.

Griffith & Entrekin, of Cullman, for appellee.

FOSTER, Justice.

This is a suit on a fire insurance policy. Defendant in one feature of the defense insisted that plaintiff willfully burned the property. It was a dwelling house, rented and used by plaintiff as a boarding house. The fire occurred in the middle of the night, apparently originating in the kitchen and extending through the dining room and bedrooms downstairs. There was a dispute as to the extent of the fire damage upstairs.

There was evidence of the smell of kerosene in places on the kitchen floor and certain features of the fire on the floor, which defendant claims indicated kerosene, such as streaks in the charred places. Plaintiff explained the kerosene by claiming she had it habitually near the stove to use in starting the fire in the stove. It was an old house, and the wiring was said to be obsolete and dangerous. Trouble in burning out fuses was claimed for plaintiff. The walls were plastered.

A verdict and judgment went for plaintiff.

Assignments 1, 2, 3 and 4.

Defendant's theory was that on account of the use of kerosene the fire did not extend to the second story, as it would have done normally. The chief of the fire department of Cullman was being examined as an expert by defendant. He had had thirty-five years' experience as a fireman in the city. Defendant sought to prove by him that an ordinary fire, such as this, without the aid of inflammable substance would have caused a larger fire damage in the second story. He was also asked whether in his opinion "this fire was helped along downstairs with coal or other inflammable substance".

Those assignments are argued as being controlled by the same principles of law.

Appellant cites and relies on the case of First National Bank v. Fire Ass'n, 1898, 33 Or. 172, 50 P. 568, 53 P. 8. We find there a very extensive and careful study of the legality of questions to an experienced fireman, which have some similarity to those here involved. There were many questions to the witness, and they were classified by the court. Among them were questions calling for an opinion as to whether the fire would have spread to the upper floor as rapidly as it did, if it had been burning from natural causes. The court held that there was no error in allowing the witness to express his opinion.

Here the theory is just the opposite from that in the Oregon case, supra. The contention is that it did not extend to so large an area in the upper story as it would have done if it had been unaided by the kerosene. The chief of the fire department testified that there was considerable "horizontal" damage, but very little "vertical" damage. He explained in detail the extent of it as he viewed it, and photographs of the house as left by the fire when extinguished were in evidence, and explained by him in detail saying that without inflammable substance, the biggest part of the fire would be overhead.

We think that defendant had the benefit of a full explanation of all the facts and circumstances which influence the ultimate question in this respect. The purpose was to show that there was kerosene on the kitchen floor, and that was not denied. The only controversy related to the occasion of it being there and whether it was a voluntary act to aid the fire. The questions to this witness could shed no light on that inquiry.

Assignments 5, 6, 7 and 14.

Those assignments relate to the ruling of the court excluding evidence of a conversation between a man who was boarding in the house and another about a kitchen cabinet which was in the fire. Plaintiff afterwards married the man. But this conversation was not in her presence, and no connection is shown by her with it; nor that he was a conspirator with her in burning the house. The court does not permit suspicion to serve as evidence.

Assignments 12 and 13.

These relate to the ruling of the court on the motion for a new trial.

Every contention was closely contested on the trial. There was much evidence both as to the cause of the fire and extent of the loss. It would serve no useful purpose to review it. It was essentially a jury question, and the verdict should not be set aside.

Assignment No. 9.

This relates to the ruling of the court in permitting the plaintiff to use in giving her testimony an itemized list of the articles alleged to have been damaged. She said she prepared the list, and that it refreshed her recollection as to what was in the house at the time of the fire: that she could not recall it all at once, but could remember it if she had time. Thereupon the court permitted her to read the items from the list to the jury, refreshing her recollection from it. In this there was no violation of the rule so fully covered by our cases. Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473; Whitfield v. Hall, 235 Ala. 620(5), 180 So. 293; Warten v. Black, 195 Ala. 93, 70 So. 758; Sovereign Camp. W. O. W. v. Screws, 218 Ala. 599, 119 So. 644; Acklen Ex'r v. Hickman, 63 Ala. 494, 35 Am.Rep. 54; see Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 19, et seq.

We have here responded to the contentions made by appellant's counsel in brief in respect to such assignments of error as were discussed by them.

We do not find any reversible error in the record, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.