22 So.2d 548

### COLVIN v. STATE.
### 6 Div. 340.

Supreme Court of Alabama.
June 7, 1945.

E. L. Dodson, Ward & Ward, and Tom B. Ward, all of Tuscaloosa, for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., opposed.

STAKELY, Justice.

We agree with the Court of Appeals that the evidence made a case for the jury. However, the Court of Appeals holds that the testimony of Fire Chief Pete Matthews was admissible, in giving his

opinion that the fire was of "incendiary origin." A fire "of incendiary origin" is, a malicious burning of property. Webster's New International Dictionary. Hence the witness was allowed to give his opinion on the ultimate fact in issue. Morris v. State, 124 Ala. 44, 27 So. 336. Was this testimony competent?

We consider that Fire Chief Pete Matthews qualified as an expert. If his foregoing testimony constituted an opinion on a matter of common knowledge, then it was inadmissible. Decatur Car Wheel & Manufacturing Co. v. Mehaffey, Adm'x, 128 Ala. 242, 29 So. 646. On the other hand, if the subject involved a field appropriate for expert testimony, then the testimony was admisible even though it was in practical affirmation of a material issue in the case. Watson v. Hardaway-Covington Cotton Co., 223 Ala. 443, 137 So. 33.

We should accordingly analyze the evidence and the objections thereto to interpret the opinion of the Court of Appeals. Omitting objections and exceptions, we quote from the record of the testimony of Fire Chief Pete Matthews, as follows:

"Q. When you arrived at the fire, Mr. Matthews, did you smell anything? A. No, sir, I didn't. I really didn't notice or didn't think anything about it at that time until after we made an investigation and found out that the house burned so evenly across the back.

"Q. Mr. Matthews, did you find that the fire had burned evenly across the back? A. Yes, sir.

"Q. Then, did you smell any odor at that time? A. No, sir.

"Q. Did you ever smell any odor? A. No, sir.

"Q. State to the Jury from your investigation and your experience whether or not it is your judgment that the fire was of an incendiary origin. A. Yes, sir.

"Q. What do you base your judgment on? A. Due to the fact that it made a pretty heavy blaze to begin with and it quieted down and burned pretty evenly all the way across the back, and I believe that is it.

"Q. From your investigation of that fire and based on your experience, do you think—is it your judgment that any gasoline or kerosene was used in that fire? A. Well, yes, sir, from the surroundings; that is, from what I could determine."

The expert could express an opinion as to whether the fire burned naturally on the materials of which the house was built or with the aid of more inflammable matter. He could testify that in his opinion there was gasoline or kerosene at the point of the fire, even though there was no odor thereof, and that his opinion was based on the even burning across the back of the house. See First Nat. Bank v. Fire Ass'n of Philadelphia, 33 Or. 172, 50 P. 568, 53 P. 8, referred to in our decision in World Fire & Marine Ins. Co. v. Edmondson, 244 Ala. 224, 12 So.2d 754. Such expressions of opinion could be compatible with either guilt or innocence, dependent on whether the inflammables were maliciously placed there or not. But the witness could not testify that the fire was of incendiary origin, which was the same as saying that the inflammables were intentionally used. This was the ultimate fact in the case. This would not be the subject of expert testimony. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640. This was a conclusion for the jury to draw.

In the case of People v. Grutz, 212 N.Y. 72, 105 N.E. 843, Ann.Cas.1915D, 167, the New York Court of Appeals said:

"The district attorney called as a witness one De Malignon, who was an assistant fire marshal in the city of New York. In his official capacity he has visited the Gold premises and investigated the fire. He was asked to give his opinion of the origin of the fire, and in answer he enumerated a number of facts which it was quite proper for him to state, and which he stated 'indicated to my mind the fire was set.' The question put to this witness was shorn of much of its harmful effect by the nature of his answer, which was quite unobjectionable with the exception of the conclusion which we have noted. This is not a case for expert opinion. The physical facts, which are the subject of investigation, are so simple that they can be readily understood when properly described, and it is then for the jury to draw the appropriate conclusion." 212 N.Y. 72, 105 N.E. at page 846, Ann.Cas. 1915D, at pages 170, 171.

The judgment of the Court of Appeals and of the lower court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur.