115 So.2d 769 (1959)
Jackson Holloway HOOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 59-90.
District Court of Appeal of Florida. Third District.
November 30, 1959.
Fred A. Jones, Jr., Miami, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
PEARSON, Judge.
Jackson Hooper, a former police officer in the City of Miami, Florida, was informed against for the crime of arson in the first degree. From a judgment of conviction and sentence Hooper appeals and assigns as error the admission into evidence of two confessions allegedly given under threat of prosecution for another crime and in hope of promised reward. The judgment and sentence are reversed for a new trial.
*770 The two points presented by the appellant which it is necessary to discuss are as follows:
"The Court erred in allowing the confessions in as they had not been freely and voluntarily given.
"The Court erred in allowing the confessions into evidence as each of the confessions referred to numerous other crimes of the Defendant, and which were highly prejudicial."
After having secured from the defendant an indication that he was willing to confess, the police lieutenant and the fire inspector, who were in charge of the case, proceeded to interrogate the defendant in the presence of a court reporter not only as to the crime with which he was later charged but as to other fires of which they had knowledge. The interrogation as to these additional fires consisted entirely of the question: "Did you do this crime?", and the answer, "Yes". This procedure was followed in discussing fifteen crimes, which took place from 1954 to date. At the time of the trial the state introduced the entire transcript including a confession for all of the alleged crimes with the natural implication that the defendant was a dangerous and a habitual arsonist.
The second confession was taken the following day in the state attorney's office. Here the method of procedure was similar to that employed by the police but in this instance the interrogation was more complete.
The first objection to the confessions raised by appellant is that they were not shown to have been given freely and voluntarily. It is recognized that a confession to be admissible must be affirmatively shown to have such character. E.g., Simon v. State, 5 Fla. 285; Williams v. State, 156 Fla. 300, 22 So.2d 821; 2 Underhill, Criminal Evidence § 386 (5th ed. 1956); 2 Wharton's, Criminal Evidence §§ 348, 349 (12th ed. 1955). It is sufficient to point out that there is evidence in this record, from the testimony of the police officer who took the confession, that at the time the appellant was urged to confess he was shown an affidavit of a third person which accused the appellant of an altogether independent crime. Since the matters set forth in the affidavit concerned a morals charge, it would have been embarrassing to him and to his family to have the accusation publicized. He was told that if the matters set forth in the affidavit were investigated by the police department, extended publicity would be inevitable. It was then suggested that he was in need of help and that the police were not anxious to be hard upon him because he was a policeman. The police officer in charge assured the accused that he would accept any recommendation or action by the state attorney's office which might help the defendant out of his troubles. It appears probable, that faced with fear of a public investigation of the charges in the affidavit and the hope of help, Hooper signed the confessions concerning all the fires about which he was interrogated. The second confession, taken the following day in the office of the state attorney, is tainted with the same weaknesses, in that it appears the same fear and inducement influenced the accused.
As we approach the consideration of the second question stated, we find that a reading of the record in this case is conducive to the conclusion that the defendant was tried for a series of crimes and found guilty of being a "firebug" rather than of the specific arson with which he was charged. The reference to the additional accusations of arson had no real connection with the charges in the instant case. The state could easily in both of the confessions have eliminated any reference to other crimes and have introduced only those portions germane to the trial of the crime at issue. Moseley v. State, Fla. 1952, 60 So.2d 167.
Since the trial of this cause, the rule governing the admission of so-called similar fact evidence which tends to reveal *771 the commission of a collateral crime has been restated by the Supreme Court of Florida in Williams v. State, Fla. 1959, 110 So.2d 654. The opinion by Mr. Justice Thornal sets forth that relevancy is the test of admissibility. Thus evidence of any facts relevant to a material fact in issue, except where the sole relevancy is character or propensity of the accused, is admissible unless precluded by some specific exception or rule of exclusion.
Applying this rule, we hold the evidence concerning fifteen other crimes of arson committed over a five year period was not shown to be relevant to the crime charged, and such evidence was used by the state to inflame the minds of the jurors that the accused was a dangerous firebug, i.e., the sole relevancy of the evidence was to show the propensity of the accused to set fires. The state failed to show that the evidence of other crimes had probative value or was relevant to establish a plan, scheme, or design. See People v. Bishop, 359 Ill. 112, 194 N.E. 238; Commonwealth v. Kosior, 280 Mass. 418, 182 N.E. 852; State v. Smith, Mo. 1949, 221 S.W.2d 158; cf. Hovey v. State, 29 Ala.App. 149, 195 So. 282, certiorari denied 239 Ala. 309, 195 So. 283; State v. Ettenberg, 145 Minn. 39, 176 N.W. 171.
Evidence of these fires did not tend to connect the accused with the crime for which he was on trial. Certainly evidence of a similar crime is not, by itself, without meeting the test of relevancy, admissible to prove commission of a like crime. Such a view would be repugnant to the senses, and the so-called "second timer" could be convicted by merely showing proof of a prior crime or conviction, if the jury were so persuaded by such evidence. Thus the evidence is not excluded because it relates to similar facts which point to the commission of a separate crime, but because the similar fact evidence is inadmissible due to a lack of relevancy. Cf. Mackiewicz v. State, Fla. 1959, 114 So.2d 684; Ross v. State, Fla.App. 1959, 112 So.2d 69.
We therefore hold the court erred in admitting the confessions into evidence, and the conviction of the defendant based upon these confessions must be set aside. The cause is remanded with directions to the trial judge to grant to the accused a new trial. In view of this holding a discussion of appellant's remaining assignments of error is not necessary.
Reversed and remanded for new trial.
HORTON, C.J., and CARROLL, CHAS., J., concur.