The defendant was convicted of arson in the first degree and sentenced to ten years' imprisonment.
 I
Error to reverse cannot be predicated upon the failure of the trial court to grant the defendant's motion to strike a juror for cause for being over sixty-five years of age. There is no evidence in the record that the juror was actually over sixty-five years old. Consequently the ruling of the trial court is presumed to be correct and there is nothing for this court to review. Lee v. State, 23 Ala. App. 29, 120 So. 299
(1929).
 II
The indictment charged that the defendant "did willfully set fire to, or burned, or caused to be burned, or aided or procured the burning of a dwelling house, the property of Betty Moreland". This form was sufficient to apprise the defendant of the offense which he was required to defend. Alabama Code Section 15-8-150 (7) (1975). *Page 1261 
Prior to the reception of any testimony defense counsel made a motion to exclude certain evidence, which he styled a "motion in limine". Defense counsel advised the court that two fires occurred at Ms. Moreland's residence on September 16, 1978: one at approximately 5:00 A.M. and one around 9:00 P.M. Defense counsel argued that the two fires were not connected and requested that no evidence of the 9:00 P.M. fire "be allowed to be testified to or gone into by the State" as it was his understanding "we are trying the fire of 5:08 in the morning". This motion was overruled.
The evidence, in fact, revealed that Benny Ray Avery, a fire inspector with the Bessemer Fire Department, investigated a fire at Ms. Moreland's residence at approximately 5:08 A.M. Over objection he stated that "it was an incendiary type of fire" . . . "It was not accidental, but that it would involve a human element in originating the fire." The fire's point of origin was determined to be in the downstairs living room area.
Inspector Avery also testified, over objection, that he investigated a second separate "incendiary" fire at the same dwelling at approximately 9:35 that night. "This fire was set by someone. . . . (T)he fire was not accidental." The possibility that the second fire, which originated in an upstairs rear bedroom, was the result of the first fire was ruled out.
Circumstantial evidence was later produced concerning the first fire from which the jury might reasonably have concluded that the defendant was responsible for its ignition. Cumbo v.State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979). However, no evidence of any kind, circumstantial or direct, was produced which connected or tended to connect the defendant with the second fire.
After the State rested its case the defendant moved to have the evidence excluded. One of the grounds of this motion was the introduction of the evidence of the second fire. It was pointed out that the State had offered no evidence which connected the defendant with this second burning; "They have prejudiced the jury with the idea that Mr. Moreland may be guilty of two separate crimes." The motion was overruled. This ruling was erroneous and requires reversal of this cause.
As a general rule, in the criminal prosecution of a person for the alleged commission of a particular crime, evidence of other acts which of themselves constitute distinct and independent offenses is not admissible. Lucy v. State,340 So.2d 840, 844 (Ala.Cr.App.), cert. denied, 340 So.2d 847 (Ala. 1976), and cases cited therein. Inspector Avery's testimony made it unequivocal that the two separate fires were the work of an arsonist. Since there was absolutely no evidence to connect the defendant with the commission of the second fire, none of the exceptions to this general rule is applicable. As was held in Hovey v. State, 29 Ala. App. 149, 195 So. 282, cert. denied, 239 Ala. 309, 195 So. 283 (1940), in a prosecution for willfully burning a certain house, the admission of evidence as to the burning of other houses on the tract on which that house was located was erroneous and prejudicial where the accused was in no way shown to be connected with the other burnings. WhileHovey involved the burning of other houses on the same tract of land, we have no difficulty in applying the same reasoning to this case, even though here we are concerned with two separate, distinct and unrelated fires of the same dwelling. In both cases the principle remains the same and, before evidence of a second fire is introduced, there must be some legitimate evidence which would at least furnish a reasonable inference of the involvement of the accused. C. Gamble, McElroy's AlabamaEvidence, Section 69.02 (4) (3rd ed. 1977).
 III
Fire Inspector Avery's testimony, over objection, that the fire was an "incendiary type" also constituted error. In Colvinv. State, 247 Ala. 55, 56, 22 So.2d 548 (1945), the Alabama Supreme Court held as follows:
 "A fire `of incendiary origin' is a malicious burning of property . . . *Page 1262 
 (T)he witness could not testify that the fire was of incendiary origin, which was the same as saying that the inflammables were intentionally used. This was the ultimate fact in the case. This would not be the subject of expert testimony."
See also Pointer v. State, 283 Ala. 320, 216 So.2d 713 (1968). The defendant's objection was specific and due to be sustained.
 IV
Betty Moreland testified as a prosecution witness that during the evening of September 15, 1978, prior to either of the fires, the defendant, her ex-husband, told her "if I can't live here you won't either. . . . He said, I'm going to burn the damn mother — down on you."
During his closing argument, the Assistant District Attorney exceeded the bounds of legitimate argument.
 "MR. TUCKER (Assistant District Attorney): . . . He said, if I can't live here nobody else will either. You won't either.
 "She said, what do you mean. He said — and Pardon me, I'm just quoting what he said, but, I will burn this damn mother — house down like I did before.
"MR. TERRY (Defense Counsel): Your Honor, I object.
"THE COURT: Overruled."
* * * * * *
 "MR. TUCKER: The defendant said I will burn this damn — like I did before. He said that, ladies and gentlemen. I will burn this damn mother down like I did before.
"MR. TERRY: Your Honor, I object.
"MR. TUCKER: That is exactly what he said.
 "MR. TERRY: I object to this statement. I did not hear this statement. I may be mistaken.
"MR. TUCKER: It came out in evidence.
 "THE COURT: The jury heard the testimony. Overruled. Go ahead."
* * * * * *
 "MR. TUCKER: . . . We are accusing him of being an arsonist. That is what the evidence has shown he is. He will burn this house down like he did before. That is the evidence, like he did before. . . .
 "MR. TERRY: Your Honor, I object to that. I don't know what he is getting at. But, I object to any implications he is getting at.
"MR. TUCKER: I'm getting at what he said.
"THE COURT: Overruled.
 "MR. TERRY: Your Honor, may I continue that objection. I think he is trying to implicate Mr. Moreland, what he did before, something before that."
This argument was improper, was not cured by instructions of the trial court and constitutes reversible error. Clearly the prosecutor argued facts not in evidence prejudicial to the defendant's right to a fair trial. The impression to be drawn from the portion of the argument is that the defendant had on a past occasion, in a separate criminal transaction, burned Betty Moreland's house. This was totally unsupported by the evidence. The trial court took no steps to disabuse the minds of the jury from these comments.
Statements by prosecutors of facts not in existence are improper per se. Madison v. State, 55 Ala. App. 634,318 So.2d 329, cert. denied, 294 Ala. 764, 318 So.2d 337 (1975). The rule defining when improper statements require reversal is succinctly stated in Cross v. State, 68 Ala. 476, 484 (1881):
 "`(I)t is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume, arguendo, such facts to be in the case, when they are not' . . . The statement must be made as of facts; the fact stated must be unsupported by any evidence, must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury."
It has been specifically held that remarks by the prosecutor which accuse the defendant of the commission of a crime other than that for which he is on trial and which are *Page 1263 
unsupported by any evidence in the case, require reversal.Bevins v. State, 39 Ala. App. 228, 229, 97 So.2d 572, cert. denied, 266 Ala. 695, 97 So.2d 574 (1957).
Due to the errors that occurred during the trial the defendant was denied a fair trial. This judgment must be reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.