Arson; ten years.
Louis Chandler testified that two days following a "misunderstanding" with appellant "about a young lady," during which appellant kicked Chandler's car and threatened to "burn [him] up," he had a fire at his home.
On Sunday, September 5, 1976, Chandler left his house at 7:00 A.M. and returned later that morning to find his kitchen burned. Chandler said that tar paper and clothing were burning on the back door when he arrived home. The witness stated that three or four weeks after the fire, appellant told him that he (appellant) had burned the house and he was sorry. *Page 297 
Isaac Billups, the victim's next door neighbor, said that on the day in question he saw appellant knocking at Chandler's door. Billups told appellant no one was home and about thirty-five minutes later the house was burning. Billups testified that he tried to put out the fire and called to appellant for help, but appellant walked away.
Fire Department Lieutenant B.C. Shirley testified that when he answered the call at Chandler's house he found tar paper stuffed behind the back door, which he determined to be the origin of the fire.
Appellant testified in his own behalf. He denied kicking Chandler's car, burning his house, or apologizing for the fire. On cross-examination he stated that he was a roofer and he knew that tar paper was highly combustible.
The State presented a prima facie case of arson. SeeWashington v. State, 290 Ala. 344, 276 So.2d 587 (1973). The conflict in the evidence presented a question of fact for the jury. When there is legal evidence from which the fact finders can by fair inference find the accused guilty, this court will not overturn the verdict. Williams v. State, Ala.Cr.App.,335 So.2d 249 (1976).
 I
At trial, appellant argued that there was a fatal variance between indictment and proof. The indictment averred that the dwelling burned was the "property of" Louis Chandler, whereas the evidence clearly showed that Mr. Chandler was not the owner, but a tenant occupying the property.
Since arson is an offense against possession rather than title, Adams v. State, 62 Ala. 177 (1878), an indictment is sufficient if it states that the property was of the one who had "actual occupancy." Livingston v. State, Ala.Cr.App.,372 So.2d 1350 (1979); Burton v. State, 39 Ala. App. 332,101 So.2d 564, cert. denied, 267 Ala. 354, 101 So.2d 572 (1957).
 II
Appellant made the following objection to the State's inquiring of the fire marshal whether, in his opinion, the fire was an "arson fire."
"MR. SMITH: We object to that, Your Honor.
"THE COURT: On what grounds?
 "MR. SMITH: He hasn't qualified him as an expert, and just because he has been a fireman for seventeen years don't make him an expert to tell whether or not a fire was arson. This is what the jury is here for, I believe.
 "THE COURT: I see. Now, what is your position Mr. Bell?
 "MR. BELL: Judge, I will withdraw that question and ask him a few questions more.
"THE COURT: All right."
The district attorney then further questioned the fire marshal and, in an obvious attempt to qualify the witness as an expert, asked him ten additional questions regarding his background, training and experience in investigating fires. The following then occurred:
 "MR. BELL: Your Honor, we would offer Lieutenant Shirley now as an expert in arson investigation.
"THE COURT: All right.
"MR. SMITH: We object to it, Your Honor.
 "THE COURT: Yes, sir. Overrule your objection. Go ahead Mr. Bell.
 "Q. I will ask you regarding this fire on September the 5th 1976 at Louis Chandler's house whether or not you were able to form an expert opinion as to whether or not the fire was intentionally set or was an accidental fire?
"A. In my opinion, sir it was definitely set.
"Q. Intentionally set?
"A. Intentionally set."
It is clear that, over proper objection, the admission of testimony that a fire was "intentional" or "of incendiary origin" is reversible error. See Colvin v. State, 247 Ala. 55,22 So.2d 548 (1945); Moreland v. *Page 298 State, Ala.Cr.App., 373 So.2d 1259 (1979). Even an expert may not give an opinion on the issue since the cause of a fire is the ultimate fact in an arson case. Moreland v. State, supra.
In our judgment, however, appellant did not properly preserve the question for review. Appellant's initial objection seems to have been based on dual grounds, that the fire marshal had not been properly qualified as an expert and that the matter invaded the province of the jury. The district attorney, however, withdrew the question, proceeded to qualify the witness, and the trial court did not rule on the first objection. Review on appeal is limited to matters on which rulings are invoked in the court below. Gunn v. State, Ala.Cr.App., 387 So.2d 280, cert. denied, Ala., 387 So.2d 283
(1980).
A party must apprise the trial court of the basis for an objection with sufficient particularity to allow an informed decision to be made on the legal issue involved. Bland v.State, Ala.Cr.App., 395 So.2d 164 (1981); Ward v. State, Ala.Cr.App., 376 So.2d 1112, cert. denied, Ala., 376 So.2d 1117
(1979).
After his first objection, appellant did not apprise the trial court that further qualification of the witness would not suffice. He acquiesced in the State's further attempt to establish the witness as an expert and made only a general objection to the district attorney's inquiring of the witness whether the fire was intentional.
A general objection which does not specify grounds presents nothing for review. Steele v. State, Ala.Cr.App., 389 So.2d 591
(1980).
We have searched the record for prejudicial error and have found none. Therefore, the judgment and conviction of the Montgomery Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.