BOWEN, Presiding Judge.
Polly McAnnally Underwood was convicted of arson, second degree, in violation of Alabama Code 1975, § 13A-7-42, and was sentenced to eight years in the state penitentiary.
Underwood argues on appeal that the testimony of the deputy state fire marshal that the fire was “deliberately set” constituted reversible error.
Robert Massey, deputy state fire marshal, testified at trial in the following manner over appellant’s objection:
“Q. Mr. Massey, based on your knowledge and experience and your examination of this site do you have an opinion or judgment as to the cause of this fire?
“A. Yes, sir.
“MR. ROUNTREE (Defense Counsel): We’re going to object. I don’t believe he’s laid a proper predicate.
“THE COURT: Overruled.
“Q. And what is that, please sir?
“A. My opinion is that fire was deliberately set in at least three separate places. Kerosene was used in at least two separate places to accelerate the fire.”
In Hughes v. State, 412 So.2d 296, 297-98 (Ala.Cr.App.1982), this Court stated:
“It is clear that, over proper objection, the admission of testimony that a fire was ‘intentional’ or ‘of incendiary origin' is reversible error. See Colvin v. State, 247 Ala. 55, 22 So.2d 548 (1945); Moreland v. State, Ala.Cr.App., 373 So.2d 1259 (1979). Even an expert may not give an opinion on the issue since the cause of a fire is the ultimate fact in an arson case. Moreland v. State, supra.” (Emphasis added.)
However, the conviction in Hughes was affirmed because the error was not preserved.
*521 “In our judgment, ... appellant did not properly preserve the question for review. Appellant’s initial objection seems to have been based on dual grounds, that the fire marshal had not been properly qualified as an expert and that the matter invaded the province of the jury. The district attorney, however, withdrew the question, proceeded to qualify the witness, and the trial court did not rule on the first objection. Review on appeal is limited to matters on which rulings are invoked in the court below. Gunn v. State, Ala.Cr.App., 387 So.2d 280, cert. denied, Ala., 387 So.2d 283 (1980).
“A party must apprise the trial court of the basis for an objection with sufficient particularity to allow an informed decision to be made on the legal issue involved. Bland v. State, Ala.Cr.App., 395 So.2d 164 (1981); Ward v. State, Ala.Cr.App., 376 So.2d 1112, cert. denied, Ala., 376 So.2d 1117 (1979).” Hughes, 412 So.2d at 298.
Here, also, the defendant failed to preserve the issue for appeal. At trial, the defendant’s objection to Massey’s testimony on the ground that a proper predicate had not been laid was properly overruled by the trial court. The defendant now contends, on appeal, that Massey’s testimony invaded the province of the jury.
Where a specific objection is made and overruled, an appellate court will not consider any other grounds of objection. C. Gamble, McElroy’s Alabama Evidence, § 426.01(11) (3d ed. 1977). “Further, it is well settled that all grounds of objections not specified are waived, and that the trial court will not be placed in error on grounds not raised at trial.” Reeves v. State, 456 So.2d 1156, 1160 (Ala.Cr.App.1984).
For these reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.