CAMPBELL, Judge.
After the burning of her home, appellant, Deborah Lee Cox, was convicted of first degree arson, conspiracy to commit arson, grand theft first degree, burning to defraud an insurer and insurance fraud. She was also convicted of tampering with a *824 state witness. All of the convictions are reversed.
We reverse each of the charges arising out of the burning of appellant’s home because the state improperly attempted to impeach appellant’s testimony by offering evidence of a previous fire in Tennessee. There was little similarity between the Tennessee fire and the burning of her home in Florida. Moreover, the fire in Tennessee was not of a suspicious nature, the fire marshal having ruled it accidental. The use of testimony concerning such an incident was an improper attempt to impeach appellant’s testimony. See Heuring v. State, 513 So.2d 122 (Fla. 1987); Gelabert v. State, 407 So.2d 1007 (Fla. 5th DCA 1981); Hooper v. State, 115 So.2d 769 (Fla. 3d DCA 1959). Having concluded that we must reverse appellant’s convictions for first degree arson, conspiracy to commit arson, grand theft first degree, burning to defraud an insurer and insurance fraud, we need not address appellant’s double jeopardy issue.
We also reverse appellant’s conviction for tampering with a witness. The information charged that appellant used force or threats of force to persuade a state’s witness to leave Florida and not testify. The state failed to carry its burden to prove the offense as charged.
Reversed and remanded.
SCHEB, A.C.J., and PARKER, J., concur.