(110 So. 21)

LETSON v. STATE. (8 Div. 839.)

(Supreme Court of Alabama. June 30, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Jury 41.**

That juror is over or under age prescribed by Code 1923, §§ 8603, 8610, subd. 8, is a proper cause, under section 8614, for excusing him.

**2. Jury 41.**

Under Code 1923, § 8603, excusal of juror stating that he was 65 years old *held* proper, as statement implied that juror had passed his sixty-fifth birthday.

**3. Criminal law 404(4).**

Clothing of deceased punctured by bullets was properly admitted as corroborative of state's evidence that defendant continued firing at deceased after he fell.

**4. Homicide 192—Evidence of peace overtures by defendant on occasions prior to homicide held properly excluded.**

Where defendant had full benefit of threats made by deceased to show latter was aggressor, evidence of peace overtures by defendant on former occasions could not mitigate defendant's acceptance of deceased's challenge, and it was properly excluded.

**5. Criminal law 413(1)—Evidence as to defendant's sending men to deceased in efforts to avoid difficulty held inadmissible as self-serving to show who was aggressor.**

Evidence that defendant charged with murder sought to avoid difficulty with deceased on former occasions and sent men to intercede with deceased *held* inadmissible to show who was aggressor, as opening door to self-serving declarations not connected with difficulty.

**6. Homicide 166(3) — Testimony that defendant did not insult deceased's wife, as claimed by deceased, held properly excluded as collateral to controversy and confusing issues.**

In prosecution for murder, testimony that defendant had not insulted deceased's wife, as claimed by deceased, *held* properly excluded as collateral and confusing issues, since defendant had testified he told deceased he had not insulted his wife.

**7. Criminal law 478(1).**

Witness not shown to have special knowledge or better knowledge than jurors cannot testify that shells in deceased's gun were not used in hunting.

**8. Criminal law 561(1).**

On all essential elements of offense state is required to satisfy jury beyond a reasonable doubt.

**9. Criminal law 823(15).**

Error in oral charge misstating burden of proof *held* cured by charge, as a whole, requiring proof beyond reasonable doubt.

**10. Criminal law ☞1144(14).**

Where charges given at defendant's request did not appear in record, it is presumed that refused charges, so far as correct, were covered by court's oral or given charges.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Jimmie Roe Letson was convicted of first degree murder, and he appeals. Affirmed.

Williams & Chenault, of Russellville, and E. B. Downing, of Moulton, for appellant.

A juror must be over 65 years old to be excused; he is not subject to challenge until he is 66 years old. Code 1923, § 8610. The oral charge of the court did not correctly state the law. McBryde v. State, 156 Ala. 44, 47 So. 302; McDaniel v. State, 76 Ala. 1; Cleveland v. State, 86 Ala. 1, 5 So. 426; Wilkins v. State, 98 Ala. 1, 13 So. 312; McCormack v. State, 102 Ala. 156, 15 So. 438. Counsel discuss other questions raised and treated, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The excusing of the juror Henderson was without error. Code 1923, § 8610. Evidence of the clothing worn by deceased was admitted without error. Husch v. State, 211 Ala. 274, 100 So. 321; 4 Michie's Ala. Dig. 173. Where defendant's given charges are not set out in the record, neither the refused charges nor the oral charge are presented for review. Milligan v. State, 208 Ala. 223, 94 So. 169; Fincher v. State, 211 Ala. 388, 100 So. 657.

BOULDIN, J. [1] Among the jurors drawn for the week beginning August 10th, and included in the list served on defendant, his case being set for trial on August 12th, was the name of John A. Henderson. Upon the organization of the regular juries for the week, the juror, being asked if he was over the age of 21 and under the age of 65, answered that he was 65. The court excused him. In making up the jury roll, "no person must be selected who is under twenty-one or over sixty-five years of age." Code, § 8603. Such juror, if placed on the jury, is subject to challenge for cause. Code, § 8610, subd. 8. "The court may excuse from service any person summoned as a juror if he is disqualified or exempt, or for any other reasonable or proper cause, to be determined by the court." Code, § 8614. It is the policy of the law not to have persons over or under age on the jury. Such fact is a "proper cause" for excusing the juror, in the discretion of the court. Stewart v. State, 137 Ala. 33, 41, 34 So. 818.

[2] In common parlance, a person speaks of himself as 65 years of age when he has reached or passed his sixty-fifth birthday, after the close of his sixty-fifth year, and he has entered upon his sixty-sixth year of age. He is then over 65 years of age. There was no error in the court's ruling.

The evidence for the state tended to show that the defendant and his brother, armed with pistols, upon learning of the appearance of the deceased, intercepted him while passing along the public road near defendant's house, accosted deceased with an order to throw up his hands, instantly opened fire, and killed him. Defendant was armed with two pistols. There was evidence tending to show that after emptying an automatic, and deceased had fallen, defendant drew the second pistol and continued firing into the prostrate body at close range. Many shots entered the body. Defendant's version was that he and his brother had started across the road on other business, that deceased stopped as they approached, said something not understood, and raised his gun to fire, whereupon defendant fired. He denied firing after deceased fell to the ground and the gun dropped from his hand.

[3] The clothing worn by deceased, punctured with bullets, was properly admitted in evidence as corroborative of the state's evidence. Husch v. State, 211 Ala. 274, 100 So. 321.

[4] There was evidence of bad feeling between the parties of several months standing; that Motes, the deceased, charged defendant Letson with having insulted Motes' wife; that Motes threatened to kill defendant unless he left the community; and that Motes was carrying a gun for the execution of his threats.

George Thompson, a witness for defendant, testified that a week or ten days before the killing witness and two others had a conversation with Motes in which:

"Motes said he had told Letson what to do, and that was to leave the country or he would kill him, and, if he did not do it, it just meant one of them would be in hell and the other in the penitentiary, and he especially requested us to tell Letson that he said that. We went to Letson and told him."

Defendant offered to prove that witness was sent to Motes by defendant. This testimony was rejected on objection by the state. This was without error. Defendant had the full benefit of the threats made by Motes as going to the question of who was the aggressor in the fatal rencounter. Gestures toward peace made by defendant on former occasions could not mitigate in any way his acceptance of the challenge, becoming the aggressor, bringing on and entering willingly into the combat.

[5] To admit the proposed evidence as tending to show who was the aggressor would open the door to self-serving acts and

declarations not connected with the difficulty. The same policy which forbids the details of a former difficulty as showing who was then in the wrong forbids the evidence here offered. The same applies to the proposed testimony of defendant that he had sent men to intercede with Motes.

[6] There was no error in refusing the testimony of defendant that he had not insulted Motes' wife. This would open up a collateral controversy tending to confuse the issues in the case. Defendant testified he had told Motes that he had not insulted his wife.

[7] There was evidence that the single barrel shotgun carried by Motes at the time of the killing was loaded with a "cut shell" or "clipped shell"; that such shell bunches the shot and carries a longer distance. There was other evidence that the shell was put in the gun that morning, as Motes started up the road leading a mule and driving a cow, that threats toward defendant were made at the time. The shell was never fired. There was no error in refusing evidence that such shells were not used in hunting ordinary game. The witness was not shown to have special knowledge or better knowledge' than the jurors on the matter.

[8] The court, in his oral charge to the jury, said:

"Now, gentlemen, the burden is on the state to reasonably satisfy the jury that the defendant was at fault in bringing on the difficulty."

In this expression, the court misstated the measure of proof. Upon all elements of the offense essential to conviction in a criminal case, the measure of proof required of the state is to satisfy the jury beyond a reasonable doubt.

[9] We have carefully considered the oral charge as a whole. Both before and after the quoted expression, the court made clear that defendant could not be convicted unless the jury was satisfied of his guilt, from the evidence, beyond a reasonable doubt. In defining the effect of the plea of not guilty, the presumption of innocence, and in other connections, the measure of proof required was correctly stated. In the next paragraph after the quoted language the court said:

"Now, in regard to self-defense, the law says if the jury after considering all of the evidence in the case, together with the evidence upon self-defense, that this evidence taken together—all the evidence and the evidence of self-defense—when the jury takes it altogether, if there is created in the minds of the jury a reasonable doubt as to whether the defendant shot, whether he killed, his adversary in self-defense, then the defendant would be entitled to that reasonable doubt so created and to an acquittal."

We are impressed that the charge, as a whole, corrected any erroneous impression which the jury may have received from the use of the expression "reasonably satisfy."

[10] The record shows that charges were given and read to the jury at the instance of defendant. These charges do not appear in the record. In such case, it will be presumed the refused charges, so far as correct statements of the law of the case, were covered by the oral or the given charges. Fincher v. State, 211 Ala. 388, 100 So. 657, and Milligan v. State, 208 Ala. 223, 94 So. 169.

We have considered the several questions raised either in the record or in briefs, and we find no reversible error in the cause.

Defendant had a fair trial. The evidence fully supported the verdict of the jury.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.