(120 So. 299)

### LEE v. STATE.   (4 Div. 392.)

Court of Appeals of Alabama.   Feb. 5, 1929.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.   The indictment contained two counts, both charging this appellant with the offense of murder in the first degree.   A special venire was waived by defendant, and upon arraignment he interposed a plea of not guilty.   Trial was had upon the issue thus formed, and resulted in the conviction of the defendant of murder in the second degree; the jury fixed his punishment at 10 years' imprisonment.

The specific charge contained in the indictment was that defendant unlawfully and with

malice aforethought killed J. Gould Boutwell by shooting him with a pistol. There was no dispute in the evidence as to the killing of Boutwell by defendant; this fact was admitted by defendant, who claimed that he was justified under the law of self-defense.

■ The evidence as to the particulars of killing was in conflict. That for the state tended to show an unprovoked and inexcusable taking of human life, and from this evidence all the elements of murder were sufficiently proven to authorize the jury in so finding. The evidence of the defendant and that of his witnesses tended to show some of the elements of self-defense. These controverted facts presented a jury question. In our opinion the evidence was ample to justify the jury in the conclusion reached by them as shown by the verdict rendered.

Pending the entire trial, but three exceptions were reserved to the court's rulings. While no brief has been filed in behalf of appellant, or by the state, we shall consider these questions, as the statute so requires. Code 1923, § 3258.

■■ The record shows the following: "At this point, counsel for defendant said: 'There are three jurors on the list here that are over the age of 65 years, and the defendant objects to these jurors who are 65 years of age serving as jurors on this case.'" The court overruled the objection, and defendant reserved an exception. As this question is presented, the exception reserved cannot avail the appellant. There was no attempt made, or proof offered, to show that the jurors referred to were over 65 years of age. Further, there was nothing in the court's ruling to prevent the accused from challenging said jurors for cause, as provided by section 8610, subd. 8, of the 1923 Code. The burden is upon appellant to show error, and as this matter is presented no injurious error appears, for by the ruling complained of the accused was deprived of no right allowed him under the law.

■ There was no error in the court's ruling in overruling the objection interposed to the question propounded by the solicitor to defendant's witness Carl Lee, son of defendant, who testified in his father's behalf. The question asked was, "Where did Mr. Lee get that pistol that he got?" In any event the answer of witness, to wit, "I don't know where he got it; when he got it out, he had it," rendered harmless any error that may have been committed in this connection. Moreover, the matter inquired about related to the res gestæ, and was so understood by the witness, as evidenced by his answer to the question objected to.

■■ Witness Malcolm Blair was probably the defendant's most material witness, and the testimony of this witness was highly favorable to the accused. On his cross-examination it was proper for the court to permit the solicitor to ask him, "What were your feelings toward Jay Gould Boutwell (deceased) at that time?" It is always permissible to show bias, or ill feeling, or interest of an adverse witness. However, the answer of the witness, to wit, "I always thought lots of him," rendered innocuous any objection that otherwise might have been apparent.

But one special charge was requested, and this was given by the court. No motion for a new trial was made. Every question reserved pending the trial has been hereinabove discussed. The record is regular. There being no reversible error on the trial of this case, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.