(124 So. 398)
## REDDOCK v. STATE.   (4 Div. 447.)

Court of Appeals of Alabama.   Oct. 29, 1929.

M. A. Owen and J. C. Fleming, both of Elba, and M. S. Carmichael, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Upon the trial of this case in the Elba division of the circuit court of Coffee county no question was raised by plea, or otherwise, to the jurisdiction of that court. The defendant upon arraignment pleaded "not guilty" to the indictment, thus no question is here presented in this connection.

By express terms of the statute, Code 1923, § 8610, "it is a good ground for challenge [of a juror] by either party * * * that he is under twenty-one, *or over sixty-five years of age.*" Subdivision 8.

It affirmatively appears from this record that, over strenuous objections and exceptions, this appellant, defendant below, was required by the court to select a jury to try his case from a venire containing the names of W. J. Cody, W. H. Seagraves, and E. S. Tucker, each of whom was shown, without dispute, to be over 65 years of age. Under the law these persons were incompetent, as "it is the policy of the law not to have persons over or under age on the jury." Letson v. State, 215 Ala. 229, 110 So. 21, 22. The challenge of the jurors "for cause" should have been allowed by the trial court, and the exceptions reserved to the court's rulings in this connection must be sustained. It is not within the province of any court to modify, change, or alter the statutes of the state of Alabama, and no trial judge is vested with the exercise of discretion to this end. See Henderson v. State, 98 Ala. 35, 37, 13 So. 146; Arp v. State, 97 Ala. 5, 7, 12 So. 301, 19 L. R. A. 357, 38 Am. St. Rep. 137. Code 1923, § 8610, subd. 8. "It is the duty of the Court to ascertain the qualifications of a juror, and when it ascertains that he is disqualified, either by his own oath, or otherwise, a challenge for cause should be sustained." Sanford v. State, 143 Ala. 78, 39 So. 370, 373.

The errors in this connection necessitate a reversal of the judgment of conviction from which this appeal was taken. Other questions here presented may not arise upon another trial.

Reversed and remanded.