113 So.2d 695

Clarence GARDNER et al., d/b/a Seven Up Bottling Company,

v.

Jessie BAKER.

6 Div. 657.

Court of Appeals of Alabama.

June 30, 1959.

Tweedy & Beech, Jasper, for appellants.

Bankhead & Petree, Jasper, for appellee.

CATES, Judge.

This is an appeal from a judgment of the Walker Circuit Court based on a verdict awarding Mrs. Baker $450 damages for being made sick and ill by negligence in manufacturing a carbonated beverage, Seven Up, in that a rotten roach was found in a bottle of Seven Up from which Mrs. Baker drank.

Viewing the evidence from the verdict, we have the following:

Mrs. Baker was in a store in Sumiton where she bought and proceeded to drink a Seven Up. She saw something in it that gave her the first impression of being ice, since it looked "slushy." A better look revealed a lot of small stuff and a large "worm-like thing."

She spat out the rest, called to the manager of the store, and went to the rear where she had the dry heaves. She was unable to eat her supper. She was nauseated and vomited. She had stomach pains and felt "pretty sick" for three days.

Mrs. Baker's stomach ulcers flared up and were not eased for two or three weeks. But she did not go to see a doctor about the attack.

The bottle and its unfinished contents were introduced in evidence.

The store manager's testimony was corroborative of Mrs. Baker's. He described the object as a bug, "A roach is what I would say," as large as a grape. He bought Seven Up from the bottlers in Jasper.

The defendant's testimony would be familiar reading to one who had read others of the reported soft drink impurity cases. We shall not detail; needless to say it tended to show the preparation and bottling were infallibly impeccable, and bore the approval of the bottling franchise licensor and of the State Health Department. Code 1940, T. 22, § 85, as amended.

All of this defense merely raised a jury question not reviewable.

As to matters of law, the bottling company has put forth and argued eight propositions of law.

One of the jurors in the array was over 65 years of age and defense counsel challenged him because of his age.

Code 1940, T. 30, § 55, subd. 8, gives a good ground for challenge that a man is

over 65 years of age. Lee v. State, 23 Ala. App. 29, 120 So. 299, shows an objection to three jurors claimed to be over age. This was not sufficient since no proof was tendered of their age.

Reddock v. State, 23 Ala.App. 290, 124 So. 398, points out that where there is no dispute as to the man's being over age the disallowance of a challenge therefor was a reversible error.

Here the transcript of the evidence begins:

"The jury was qualified generally for the trial of this case.

"In the course of examination by counsel for defendant, the following proceeding was had:

"Mr. Tweedy: Are any of you over sixty-five years of age?

"Juror: I am.

"Mr. Tweedy: We challenge Mr. Roberts (number 45) on the ground that he is over sixty-five years of age.

"Mr. Petree: We object, that's not proper ground for challenge.

"The Court: I sustain the objection.

"Mr. Tweedy: We except.

"The jury was then selected, empaneled and sworn."

We think the Reddock case fits here; nor do we think it incumbent to show prejudice to justify reversal. The policy of the law is against jurors not being within 21 and 65 years. Letson v. State, 215 Ala. 229, 110 So. 21

In Gardner v. Sumner, ante, p. 340, 113 So.2d 523, we considered many of the same charges as were requested here.

For the failure to honor the challenge to the juror, Roberts, the judgment below must be set aside.

Reversed and remanded.