HARRIS, Judge.
Appellant was convicted of assault with intent to murder and the Court sentenced him to five years imprisonment in the penitentiary. At arraignment and trial he was represented by retained counsel. He plead *803 ed not guilty to the indictment. After sentence was imposed, he gave notice of appeal.
The evidence was in sharp dispute. There was no motion to exclude the State’s evidence, but there was a request for the affirmative charge which was refused and we think rightly so.
There was a motion for a new trial containing numerous grounds. The grounds of major concern was the nondisclosure of two jurors that they were over the age of 65 years. These two jurors were among the twelve on the jury who convicted appellant. On the hearing of the motion for a new trial, it developed that a woman was 66 years of age and a man was 72 years of age by their own testimony. All the credible evidence showed that during the general qualifications of the jury, these two jurors did not make known to the Court that they were over 65 years of age. Several other jurors disclosed they were over 65 and these jurors were challenged for cause either by the State or the defense and the challenges were sustained.
The Circuit Clerk testified that these two jurors did not make known to the Court that they were over the age of 65 years. The official Court Reporter testified that he had examined his notes and his tape recorder, and he had no record that these two jurors answered that they were over 65.
In Letson v. State, 215 Ala. 229, 110 So. 21, the Supreme Court said:
“It is the policy of the law not to have persons over or under age on the jury.”
In Sanders v. Scarvey, 284 Ala. 215, 224 So.2d 247, Justice Bloodworth writing for the Court said:
“Our courts have held that the concealment by a juror of information called for in voir dire examination need not be deliberate in order to justify a reversal, for it may be unintentional, but insofar as the resultant prejudice to a party is concerned it is the same.”
In Gardner v. Baker, 40 Ala.App. 374, 113 So.2d 695, Judge Cates (now Presiding Judge) held that Section 55, subd. 8, Code of Alabama 1940, gives a good ground for challenge that a man is over 65 years of age. It was further stated in this case that it was not necessary to show prejudice to justify reversal.
We hold that the trial court fell into error in not granting a new trial because of the nondisclosure of the ages of these two jurors.
Appellant claims numerous other errors were committed in the trial of this case but we forego treating these alleged errors as they will not likely re-occur when this case is retried.
This case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
CATES, P. J., and TYSON and DeCARLO, JJ., concur.