Involuntary manslaughter (by means of an automobile); sentence (per jury verdict) nine months in county jail.
 I
Appellant was convicted in a municipal court of reckless driving but the judgment was suspended pending a trial de novo. This second tier proceeding was still pending at the time of the trial of the instant indictment for the homicide. Hence, under Ludwig v. Massachusetts, ___ U.S. ___, 96 S.Ct. 2781,49 L.Ed.2d 732 there has been no jeopardy within the meaning of the prohibition in the State or Federal Constitutions.
Moreover, though reckless driving may be a component of second degree manslaughter, it is not the same offense. SeeRacine v. State, 291 Ala. 684, 286 So.2d 896; and Tyson, J.,Double Jeopardy and Collateral Estoppel, 37 Ala. Lawyer 208.
 II
Exception was taken to the oral charge that simple negligence contributing to death of a human being constituted involuntary manslaughter. This was not error. Golden v. State, 39 Ala. App. 361, 103 So.2d 52 (16); Rutledge v. State, 36 Ala. App. 457,60 So.2d 360.
 III
The foreman of the jury's wife was a blood first cousin of the deceased. This kinship was in the fourth degree. See Nolan Chart in Owen v. State, 255 Ala. 354, 51 So.2d 541. A husband, by affinity, has the same degree of relationship to his wife's blood kin as she has by her consanguinity. State v. Hooper,140 Kan. 481, 37 P.2d 52.
Code 1940, T. 30, § 55 confers a challenge for cause, inter alia:
 "* * * 4. That he [a prospective juror] is connected * * * by affinity within the fifth degree * * * with * * * the person alleged to be injured." [Italics added]
When the trial judge was qualifying the venire the instant juror remained silent. The record (on the motion for new trial) shows no lack of diligence on the part of the defendant or his attorney amounting to a waiver of the juror's disqualification.McHenry v. State, 279 Ala. 30, 181 So.2d 98. In Smithson v.State, 50 Ala. App. 318, 278 So.2d 766, the question did not concern a juror related to the injured party.
In a criminal trial by jury the parties exercise their peremptory challenges by "striking." Ordinarily this is done by counsel using a typewritten sheet having the names of the veniremen, each with a number. The challenging is done by calling the number (but not the name) of the juror to be withdrawn. After this twelve are left to be sworn and empaneled.
This strike privilege has been described by Judge Simpson as a valuable one. We consider this case is controlled by his decision in Leach, 31 Ala. App. 390, 18 So.2d 285, wherein he wrote regarding a taciturn juror who had been formerly a deputy sheriff:
 "It would, it seems to us, be the rankest casuistry to contend that there was no probable injury to defendant by the concealment of the juror, aforesaid. It is but natural that such a juror, as a general proposition, who had been engaged in the same business, had arrested persons guilty of similar misconduct, and had probably been subjected to like attempted assaults, as the victim here, would stand less indifferent than a layman, free from the tug of such former professional influences.
 "Here is no scope for the operation of Rule 45, to the effect that the burden is upon appellant to show injury. The test here is not was the defendant thereby injuriously prejudiced, but that he might have been. Roan v. State, 225 Ala. 428, 435, 143 So. 454; Arrington v. State, 23 Ala. App. 201, 123 So. 99; Kabase v. State, 244 Ala. 182, 12 So.2d 766.
 "We think and hold that a new trial should have been awarded for this error."
Certain qualifications bear more weightily on the required impartiality of *Page 1073 
jurors. Thus, blood or marriage kinship to a party within certain degrees works an absolute disqualification of a venireman. Brazleton v. State, 66 Ala. 96. Also in criminal cases a more careful scrutiny is a necessity because of the more severe penalties possible.
Here the jury foreman's claimed ignorance of his wife's kinfolk, if credible, somewhat exhibits an absent-mindedness calling in question his fitness to serve.
Hence, we distinguished Freeman v. Hall, 286 Ala. 161,238 So.2d 330 and hold that under Leach, supra, it was an abuse of discretion to deny the motion for new trial.
The judgment below is reversed and the cause remanded for trial de novo.
REVERSED AND REMANDED.
All the Judges concur.