Appellant was indicted for murder in the first degree. Upon trial she was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for a term of ten years.
 I
During the time the jury was being struck a juror was challenged for cause by the defendant on the ground that such juror was over sixty-five years of age. The defendant's challenge was denied by the Court for the stated reason that the juror had served during the week and had waived his exemption and was willing to serve.
The record of this case does not show the entire proceedings held by the court on its voir dire examination to determine the qualifications of the jurors but it is presumed that the court performed this "imperative" duty, Baston v. State, 216 Ala. 275,113 So. 300.
Due to the fact that a person over 65 years of age "shall [not] be required to serve on a jury or to remain on the panel of jurors unless he is willing to do so.", Title 30, Sec. 21, Ala. Code 1940, in the absence of a record showing otherwise this court will presume that the lower court made an inquiry as to age in order to give effect to this statutory requirement of willingness.
The transcript (page 6) shows that during the time the jury was being struck, the exact time during such striking is not shown, two of the jurors made known the fact that they were over 65. One such juror, Mrs. Malone, asked to be excused upon this ground. The other juror, Mr. Mock, was challenged by the defendant upon this ground but his challenge was overruled by the Court. The fact that Mrs. Malone came to the bench and informed the court that she was over 65 strengthens the *Page 5 
presumption that the court performed its duty by making inquiry as to age. No reason is shown in the record for Mrs. Malone's failure to make a prompt response to such inquiry or why, other than vanity, she felt compelled to approach the bench with such information. It is also unclear how the juror Mock knew to hold up his hand and state his age unless he had been asked previously to do so if he was over 65 and had neglected to give such information.
Upon completion of the striking of the jury, the 12 selected, which included Mr. Mock, were sworn to try the issue in this case but before any further proceedings were had the following occurred:
 "REPORTER'S NOTE: After the 12 men and women were seated in the jury box, and before the trial started, the following was dictated into the Record:
 MR. BRANTLEY: I would like to have put in the record the fact that one of the jurors who said he was over the age of 65, a Mr. Mock, and I challenged him for cause and the Judge did not grant my request, and I request a mistrial on the ground he is not qualified.
 THE COURT: Let the record show that this man, Mr. Mock, was a member of the regular panel for the entire week, and had been serving all of the week, and had waived the fact that he was over 65, and agreed to serve as a juror. While the Attorneys were striking the jury, a Mrs. Malone came to me and said she was over 65 and asked to be excused, and another juror held up his hand (Mr. Mock) and said he was over 65. Mr. Brantley challenged him for cause and I ascertained that he had been on the regular panel for the week and denied the challenge, and he is now on the jury selected to try this case, and I deny the motion; and Mr. Brantley excepts."
 II
The first claim of error is that the Court erred in not allowing defendant's challenge for cause, such challenge being made before selection of the jury was complete and before the jury was sworn. The State contends that the defendant was negligent in not discovering such ground for challenge until the striking of the jury had begun and, therefore, such ground was waived.
Although a juror over 65 years of age may waive his exemption and serve on a jury or remain on the panel (Title 30, Sec. 21) it is the policy of the law not to have persons over or under age on the jury and by express terms of the statute, Title 30, Section 55, Code of Ala., "It is good grounds for challenge [of a juror] by either party ___ that he is ___ over sixty-five years of age". Subdivision 8.
In a capital case the jury must be sworn for the trial of that particular case, Title 30, Sec. 64, and until the jury is thus sworn a challenge for cause may be made at any time.Harris, et al. v. State, 177 Ala. 17, 59 So. 205; Henry v.State, 77 Ala. 75; Spigener v. State, 62 Ala. 383, 387; Carsonv. Pointer, 11 Ala. App. 462, 66 So. 910.
The State argues that the defendant was negligent in not making inquiry as to juror's qualifications and that he had, therefore, waived his right to claim disqualification. We are not dealing with a case where discovery and objection was made after verdict. Here the defendant made his challenge before the final selection of the jury and before it was sworn. This court does not feel that a defendant, in order to acquit himself of a lack of diligence, should be forced to conduct a voir dire examination which would be a repetition of that already conducted by the court. Edwards v. State, 28 Ala. App. 409,186 So. 582. If the court had carried out its duty and asked the jury panel whether any member was over 65 years of age and had received no response, there should not be a waiver imposed upon a defendant who failed to make the same inquiry on his voir dire examination. And if, as in this case, after the process of jury striking had commenced, a juror made known to the Court for the first time that he or she was over this age, a challenge made at that time, before the jury was sworn, is timely and should be granted. *Page 6 
It is apparent that the Court's denial of defendant's challenge of Juror Mock was based upon the Court's belief that the consent of such juror to serve, such consent having been given at some previous time during the week, waived any infirmity he might have as to his qualifications as far as age is concerned. Such willingness on the part of a juror to serve on a jury or to remain on a panel does not remove the statutory challenge for cause on this ground and "it is not within the province of any court to modify, change, or alter the statutes of the state of Alabama, and no trial judge is vested with the exercise of discretion to this end" ___ "it is the duty of the Court to ascertain the qualifications of a juror, and when it ascertains that he is disqualified, either by his own oath, or otherwise, a challenge for cause should be sustained." Reddockv. State, 23 Ala. App. 290, 124 So. 398.
 III
The error indicated necessitates a reversal of the judgment of conviction from which this appeal is taken. Other questions here presented may not arise upon another trial.
The foregoing opinion was prepared by Hon. JACK W. WALLACE, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
REVERSED AND REMANDED.
All the Judges concur except CATES, P.J., not sitting.