JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Mobile County returned an indictment against the appellant, David Wayne Vaughn, charging him with murder in the first degree. Appellant entered a plea of not guilty. A jury found the appellant guilty of murder in the second degree and fixed his punishment at life imprisonment. The trial court duly sentenced the appellant to life imprisonment in the penitentiary, and the appellant appeals to this court.
The appellant was at all proceedings in the trial court represented by retained counsel and is represented in this court by *340 court-appointed counsel. This appeal was submitted to this court on briefs.
The appellant in his brief contends that the trial court erred when it denied his challenge for cause of six prospective jurors who were over sixty-five years of age. The appellee contends in its brief that § 12-16-150(8), Code of Ala.1975, was repealed by Act No. 594, enacted by the legislature of Alabama effective April 27,1978. The trial of the appellant was held on December 4, 1978.
A jury venire was brought in, sworn by the clerk, and qualified. During the qualification, the following occurred:
“THE COURT: Anything further from the Defendant?
“MR. HOLLOWAY: Judge, if anyone is over sixty-five.
“THE COURT: All right. Is there any juror who is over the age of sixty-five years?
“(Jurors raise hands.)
“THE COURT: All right. Let’s start over here. Would you stand and give me your name and panel number?
“JUROR: Eugene Dusville.
“THE COURT: And your panel number, please sir.
“JUROR: One.
“THE COURT: Thank you, sir.
“JUROR: J. C. Armstrong, Panel One.
“JUROR: John J. Ambrose, Panel One.
“JUROR: Arthur McClain, Panel Four.
“THE COURT: Thank you, sir.
“JUROR: Mary Tidwell, Panel Six. “THE COURT: Thank you.
“JUROR: Edward E. Johnson, Panel Four.
“THE COURT: All right. Is that all, Mr. Holloway?
“MR. HOLLOWAY: Judge, we would challenge for cause.
“THE COURT: Deny your challenge.
“MR. HOLLOWAY: Could we have that on the record?
“THE COURT: Yes, it’s on the record.
“THE COURT: (To Mr. Holloway.) Anything further?
“MR. HOLLOWAY: No, sir.”
The preamble, Section 1 and Section 2, of Act No. 594, Acts of Alabama 1978, Vol. 1, p. 712, read as follows:
“To provide for the qualifications and selection of jurors; to provide for a master list, master jury box and trial court box; to provide for qualification forms and the questionnaires to be used thereon; and to repeal Sections 12-16-2, 12-16-4, 12-16-5, 12-16-39, 12-16-41, 12-16-42, and 12-16-43 of the Code of Alabama 1975.
“Section 1. Declaration of Policy. It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court and that all qualified citizens have the opportunity in accordance with this act to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose.
“Section 2. Prohibition of Discrimination. A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status.” (Emphasis supplied.)
Section 11 of Act No. 594 specifically repealed the following sections of the Code of Ala.1975: 12-16-2, 12-16-4, 12-16-5, 12-16-39, 12-16-41, 12-16-42 and 12-16-43. Sections 12-16-2,12-16-4 and 12-16-5 of the Code of Ala.1975 are in Chapter 16, Jurors, Article 1, General Provisions, and deal with persons exempt from jury duty, excusing unfit persons from jury service, and excusing from jury service of exempt or disqualified persons. Sections 12-16-39, 12-16-41, 12-16-42 and 12-16-43 of the Code of Ala.1975 are in Chapter 16, Jurors, Article 2, County Jury Commission, and deal with duties of the clerk of the jury commission, the duty of the jury commission as to preparation of jury rolls and jury boxes, the preparation, maintenance of jury rolls, cards and box generally, and the qualifications of persons to be placed on the jury roll and in the jury box generally, and service on jurors of persons over the age of *341 sixty-five. Section 12 of Act No. 594 repealed all laws, and parts of laws, in conflict with its provisions to the extent of such conflict. Section 12-16-43 of the Code of Ala.1975 provides in part the following:
“. . .No person over the age of 65 years shall be required to serve on a jury or remain on the panel of jurors unless willing to do so.”
The foregoing quote was not contained in any part of Act No. 594, and no reference to age sixty-five is mentioned in Act No. 594.
Section 6(a) (l)-(4) of Act No. 594 set out qualifications for prospective jurors. With reference to age of a prospective juror, Section 6(a) and (1) provide that the prospective juror must be a person who is a citizen of the United States and a resident of the county for more than twelve months and over the age of nineteen years. Section 8 of Act No. 594 provides that no qualified prospective juror is exempt from jury service.
Chapter 16, Juries, Articles 3 through 9 of the Code of Ala.1975, were not referred to by Act No. 594. Article 4 of Chapter 16 provides for drawing, summoning, impaneling, etc., of jurors in criminal cases generally. Article 6 provides for challenges to jurors, and § 12-16-150(8) provides that it is good grounds for challenge of a juror by either party that he is under nineteen or over sixty-five years of age. Section 12-16-150(8) was not expressly repealed by Act No. 594, and it was reversible error for the trial court to deny a challenge of a juror by the appellant on the ground that the juror was over sixty-five years of age unless § 12-16-150(8) was repealed by implication because it was in conflict with some provision of Act No. 594. Gardner v. Baker, 40 Ala.App. 374, 113 So.2d 695; Wells v. State, Ala.Cr.App., 331 So.2d 802, cert. denied, Ala., 331 So.2d 803; Slay v. State, Ala.Cr. App., 338 So.2d 3.
The question presented by this record for our decision is whether that part of § 12-16 — 150(8), Code of Ala.1975, conferring the right of the appellant to challenge a juror over sixty-five years of age for cause was repealed by Act No. 594. The rule is well settled in this state that the repeal of a statute by implication is not favored by law. The courts should interpret legislative acts so as to harmonize them. Repeal of statute is a legislative function and not a judicial function. A court should not declare a prior act to be repealed by a subsequent act in the absence of an express word of repeal or unless the provisions of the two statutes are irreconcilably inconsistent. Act No. 594 says nothing about a person being over sixty-five years of age, it says nothing about causes for challenge of jurors or selection, or striking jurors in a criminal case. Section 2 of Act No. 594 prohibits discrimination by providing that a citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin or economic status. No mention of age is contained in Section 2.
We have searched Act No. 594 word by word, line by line, and section by section, from its beginning to its end, and nowhere in any part do we find a provision in conflict with any part of § 12-16-150(8), Code of Ala.1975. There is, and cannot be, any conflict between the provisions of § 12-16-150(8), Code of Ala.1975, and any section of Act No. 594. Act No. 594 may be found in 1978 pocket parts of §§ 12-16-55 through 63, Code of Ala.1975. Section 12 of Act No. 594 repealed only all parts of law in conflict with the provisions of the Act and only to the extent of the conflict. Act No. 594, Acts of Alabama 1978, Vol. 1, p. 712; Roberts v. Pippen, 75 Ala. 103; May v. Head, 210 Ala. 112, 96 So. 869; Williams v. State, 28 Ala.App. 73, 179 So. 915, cert. denied, 235 Ala. 520, 179 So. 920; Abernathy v. State, 78 Ala. 411; Jansen v. State, 273 Ala. 166, 137 So.2d 47; Johnston v. State, 54 Ala. App. 100, 304 So.2d 918.
We hold that the appellant had the right to challenge for cause all jurors on the venire who were over sixty-five years of age; that the trial court erred when it overruled appellant’s challenge.
We have searched the record for any other errors prejudicial to the appellant and *342 have found none. For the error pointed out, the judgment of the trial court should be and is hereby reversed, and this cause is remanded for a new trial.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a Retired Circuit Judge, serving as a judge of this court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328, Act No. 1051, 1973); his opinion is hereby adopted as that of the court.
The judgment below is hereby
REVERSED AND REMANDED.
All the Judges concur.