ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure, appellant in applying for a rehearing has filed a request for the following statement:
“1. The prospective jurors were questioned by the court, prior to the striking of the jury at the trial from which this proceeding seeks relief, as to relationship to the victim, Will Starks.
“2. Carrie Copeland was a member of the jury panel and ultimately sat on the jury that convicted Listle Vaughn at said trial.
“3. Carrie Copeland was related to the victim Will Starks within the ninth degree consanguinity.
“4. Carrie Copeland’s grandfather and Will Starks’ (the victim) father were first cousins.
“5. Carrie Copeland remained silent when the jury panel was questioned at said trial about kinship to the victim Will Starks.”
We accede to the request, with the explanation that any uncertainty that may have been indicated in the opinion on original submission as to the relationship by consanguinity between the particular juror and the victim of the homicide was not based on any question as to the degree of such relationship as a matter of law when established by evidence as to which there could be no uncertainty. We note, as the trial judge evidently did in stating in the order of the court that “the evidence was clear from the testimony of the said Carrie Copeland that her relationship with the deceased, Will Starks, was some fourth or fifth cousin at best (emphasis supplied),” that the evidence on the question of the relationship between the juror and the victim was not a paragon of conclusiveness. This statement, however, is not made in criticism but to emphasize the difficulty of people in general, with the exception perhaps of experts in the field of genealogy, in resolving questions of kinship unless it is much closer than the ninth degree. Nevertheless, we are convinced that evidence on the hearing was sufficient to convince the trial court to conclude, and that it did conclude, that the juror was related to the victim within the ninth degree of consanguinity.
Appellant argues that Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970) and Smithson v. State, 50 Ala.App. 318, 278 So.2d 766 (1973) are distinguishable from the instant case and should not have been relied upon in our opinion on original submission after the return to the remandment. He correctly states that neither case involved a juror’s failure to make a response to a question that would have given an expressed statutory challenge for cause. He is also correct in stating that it was noted in the conclusion of the opinion in Freeman, supra, that it did not apply to a case where the failure to answer would have disclosed a challenge for cause.
We do not doubt that it has been made clearer by authorities in this jurisdiction and elsewhere that the failure of a prospective juror in a case to disclose upon proper *100 interrogation the fact that would entitle the losing party to a challenge of the juror for cause is generally more likely to require a new trial when properly and timely requested by the losing party than does the failure of such a juror to disclose some fact as to which he is properly interrogated which would not subject the juror to a challenge for cause. We reexamine the question we have previously considered in the instant case, in the light of and with due regard for appellant’s earnest and continued insistence.
Appellant says that Little v. State, Ala. Cr.App., 339 So.2d 1071, cert. denied, 339 So.2d 1073 (1976) “explains the distinction and should control the case at bar.” Appellant correctly quotes from Little as follows:
“In Smithson v. State, 50 Ala.App. 318, 278 So.2d 766, the question did not concern a juror related to the injured party. Certain qualifications bear more weightily on the required impartiality of jurors. Thus, blood or marriage kinship to a party within certain degrees works an absolute disqualification of a venireman. Brazleton v. State, 66 Ala. 96. Also in criminal cases a more careful scrutiny is a necessity because of the more severe penalties possible.”
In Little, the wife of the foreman of the jury was “a blood first cousin of the deceased.” In holding that the case was distinguishable from Freeman, supra, the late Presiding Judge Cates said at 339 So.2d 1073:
“Here the jury foreman’s claimed ignorance of his wife’s kinfolk, if credible, somewhat exhibits an absent-mindedness calling in question his fitness to serve.”
We are convinced that the statement as last quoted from Little was a major factor in the reversal of the case. There would be a tremendous difference as a general rule between the credibility of a person who said he was ignorant of the fact that a prospective juror was his wife’s first cousin and the credibility of a person who said that she was ignorant of the fact that a prospective juror was a fourth or fifth cousin of hers. If they were both telling the truth, there would still be an equal difference between the “absent-mindedness calling in question his [her] fitness to serve” of the one and the like quality of mind of the other. In characterizing as “absent-mindedness” any failure of the prospective juror to know that the victim was a blood cousin of the juror’s wife, Judge Cates, in his inimitable ability to garnish language with the most appropriate words possible, admirably selected a euphemism. We have no difficulty in distinguishing this case from Little, supra.
The only other cases relied upon in the brief on the application for rehearing are Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. denied, 245 Ala. 539, 18 So.2d 289 (1944) and Griffith v. State, 31 Ala.App. 432, 18 So.2d 284. Although Leach contains some language favorable to appellant on the point under consideration, it is not authority for the proposition advanced by appellant that the principle applied in our opinion does not apply to a case “where the failure to answer would have disclosed a challenge for cause.” Leach does not involve such a situation. In that case, the juror did not answer a question whether he had “previously served as a deputy sheriff” and thereby “failed to disclose that he had previously served as a deputy sheriff of the county for about fifteen years.” Leach has been cited with approval many times.
We have difficulty in distinguishing the instant case from Griffith, in which Leach, decided within the then previous two months, was almost exclusively relied upon to result in a reversal for a juror’s failure to disclose his “affinity to the alleged injured party within the fifth degree” irrespective of the fact that his testimony was that “he was ignorant of this relationship.”
We are persuaded that as of the present time, as well as of the time of the trial of this case, the state of the law in Alabama does not support appellant’s contention that a juror’s failure to respond affirmatively to a question, which if answered correctly would reveal an unwaived ground for a challenge for cause would necessarily give rise to a valid ground for a new trial even though the juror was un *101 aware of the particular fact he did not disclose. Bufford v. State, Ala.Cr.App., 382 So.2d 1162, cert. denied, 382 So.2d 1175 (1980); Beauregard v. State, Ala.Cr.App., 372 So.2d 37, cert. denied, 372 So.2d 44 (1979). Beauregard did not involve the challengeable for cause situation, but it emphasizes the importance of whether a juror is aware or unaware of the fact he is called upon to disclose and contains a valuable recital of the authorities on the subject, without regard to the distinction that appellant attempts to make. In Bufford, the juror had failed to disclose that she was not a resident of the county in which the trial was conducted. She resided in an adjoining county. “Her failure to respond was not deliberate, nor intentional, but was probably from a lack of understanding concerning the meaning of ‘resident householder or freeholder.’ ” It was stated at 382 So.2d 1172-1173:
‘Had the juror made a truthful answer to the court’s question on voir dire, she would have been subject to challenge for cause. However, the mere fact that she resided in an adjoining county does not per se require a reversal of this cause. Nonresidency in such a case does not impute prejudice per se. In fact there are times when nonresident jurors would be less likely to bear prejudice or bias against a defendant. A notorious case where feelings are high and tempers hot within a community is a prime example. A case where a well-known and highly regarded public official of the county is brutally murdered by a convict would lead one to think that residents of the county would be more likely to bear ill will toward the accused than would the resident of another county. The most glaring analogy is in the case of a change of venue. Although the appellant did not request a change of venue in the instant ease, our statutes nevertheless allow for such a procedure. Section 15-2-20, et seq., Code of Ala. 1975. In those cases where change of venue has been granted, an accused would be tried by a jury composed entirely of persons who were not residents of the county from which the case was transferred. Therefore, there is no inherent prejudice attributed to a trial by a nonresident or nonresidents of the county in which the offense was committed.
“A full hearing was held on the issue of the nonresident juror, both sides had an opportunity to put on evidence, and the trial judge wrote an extensive order overruling that motion. We are unable to say that the trial judge abused his discretion or that prejudice to the appellant was shown by the evidence presented at that hearing.”
That there are grounds for disqualification, for challenge for cause, of prospective jurors that would serve to vitiate a conviction by a jury composed of one or more jurors who had not disclosed upon proper inquiry the existence of such a ground, even though he was not aware thereof, is supported by logic and by authorities in this State. Wells v. State, Ala.Cr.App., 331 So.2d 802, cert. denied, 331 So.2d 803 (1976); Beasley v. State, 39 Ala.App. 182, 96 So.2d 693 (1957); Gardner v. Baker, 40 Ala.App. 374, 113 So.2d 695 (1959). In Wells and in Gardner v. Baker, the ground for challenge was that the juror (jurors) was over 65 years of age; in Beasley, the ground was that the juror had been previously convicted for a crime involving moral turpitude. It was held in each case that the failure of the juror to disclose grounds for challenge for cause justified a new trial on appropriate application by the losing party irrespective of any question or knowledge or understanding on the part of the juror. It is to be readily observed that the significance of a valid ground for challenging a prospective juror by reason of his prior conviction of a crime involving moral turpitude is not to be found in whether he knows that he has been convicted of such a crime but in the fact alone that he has been convicted of such crime. It is also to be readily recognized that the significance of the ground for challenge for cause by reason of being over the age of 65 to be found solely in the fact that the juror is over 65 years of age, which is unaffected by any understanding of the particular jur- *102 or as to the meaning of the question that was asked as to his age. On the other hand, the rationale of permitting a challenge for cause of a juror who is related to a party, or to an injured or deceased victim of an alleged crime, is to be found solely in the fact that if and when, but only if and when, the juror is aware of the relationship there is some danger of bias by reason of the relationship.
Griffith v. State, supra, has been approvingly cited several times, but not generally in purported application to the specific question now under consideration. In marked contrasts are the numerous citations with approval of Leach v. State, supra. We do not find that it has been definitely held in any case in Alabama, other than Griffith, that the fact that a juror who is related within the prohibited degree to a party, or the injured or deceased victim of the crime that is being litigated, did not disclose such relationship when in fact he was not aware of any relationship gives rise to a valid ground for a motion for a new trial by the losing party.
It cannot be said as a matter of law or reason that a losing party was injured, that he was probably injured or even that he “might have been injured” by what a juror could have had in mind when it is conclusively established that he did not have it in mind at any time while serving as a juror in the case. The undisputed evidence shows, and the trial judge concluded, after a lengthly hearing, that the juror “was totally unaware of any kinship, relationship or otherwise” to the victim of the homicide at the time of the trial, which removes not only any probability but also any possibility of prejudice to petitioner-appellant. We quote with approval from Murphy v. State, Tenn.Cr.App., 560 S.W.2d 414, 415, in which there was involved a “statutory disqualification” of a juror by reason of relationship to the prosecuting witness:
“Furthermore, we note that here, as in Cartwright, supra, the juror had no knowledge of her relationship to one of the parties at the time she was seated, and did not learn of the relationship until after the trial was completed. Under such circumstances, no prejudice to the defendant can be shown. There being no merit to the assignment, it is therefore overruled.”
The application for rehearing should be overruled.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.