The defendant was indicted and convicted for the unlawful sale of Talwin in violation of Alabama Code 1975, Section20-2-70 (a). He was sentenced as an habitual offender to fifteen years' imprisonment.
Although a number of issues are presented on appeal, only one argument merits the attention of a written opinion. That argument is reduced to the question of whether or not the defendant exercised due diligence in discovering a ground of a challenge for cause of one of the jurors.
As grounds for his motion for new trial, the defendant alleged that juror Naomi B. Keith was not qualified to serve on the jury because she had two convictions for the unlawful sale of marijuana. The fact of these convictions was undisputed.
The entire jury venire for the criminal docket for a week of court was qualified by Judge William W. Cardwell, Jr. who asked if any juror had ever been convicted of a felony. Ms. Keith did not respond. In qualifying the venire for the defendant's trial, Circuit Judge Hobdy G. Rains made this same inquiry. Again, Ms. Keith did not respond.
During the hearing of the motion for new trial, Judge Rains made a statement "for the record" that he was "very concerned with the fact that the juror failed to answer in the affirmative to the questions propounded to her, particularly, on `Have any of you ever been convicted of a felony or a crime involving moral turpitude?'" The trial judge stated that he had "talked with the juror who stated that she did not hear that question from either (Judge Cardwell)" or himself.
Defense counsel objected because neither he nor the defendant was notified of or present at the judge's questioning of the juror. The judge responded to the objection with the statement that he "was not going to question her in your presence because that was a court matter and had nothing to do with this trial."
Defense counsel also objected because the juror had been released "which would in effect preclude my examination or cross examination." While we specifically disapprove of the trial judge's ex parte examination of the juror, we note that no effort or request was made to subpoena or produce Ms. Keith as a witness at the hearing on the motion for new trial. *Page 811 
The defendant testified that before the jury was struck he recognized Ms. Keith. He knew that she had been "busted" (arrested) for drugs. He was present in the courtroom when the trial judge asked if any member of the venire "had ever been involved or convicted of a crime involving moral turpitude." The first time the defendant ever brought this matter to the attention of his attorney was immediately after the jury had reported its verdict of guilty.
The defendant testified that when Ms. Keith failed to respond to the judge's questions he "assumed" that she had not been convicted although he knew that she had been arrested. He also knew that her son was "wanted". The defendant knew Ms. Keith "through purchasing drugs through her son."
On cross examination the defendant admitted that he heard the assistant district attorney ask the jury panel "whether or not anybody in their family had been arrested for a like offense." However, the defendant explained that Ms. Keith's son had never been arrested: "I know her son was wanted from a sale case, I know she got arrested for drugs, whether conviction, or whatever, I didn't know. I didn't know if her son had ever been picked up afterward or not."
During the prosecutor's cross examination of the defendant the trial judge stated, "Well, the question was asked by him (district attorney) in qualifying the jury as to whether any of them had had any of their close relatives or friends that were involved in the drugs." The defendant also admitted that he heard the prosecutor "ask anything about anybody in their family being arrested, charged or anything with drugs."
Defense counsel did not review the list of prospective jurors with the defendant. The defendant did not inform his counsel that he recognized Ms. Keith or knew her son until immediately after the jury found him guilty. Defense counsel stated that after the jury reported he was asked by the defendant "as to whatever happened to her cases because she had been busted."
The trial judge overruled the motion for new trial on the ground that "the Defendant was not prejudiced by the fact that there was an unqualified juror."
Where a defendant challenges a petit juror after a verdict, the initial inquiry is whether the disqualification was a ground for the juror being mandatorily excused as a petit juror, and, secondly, whether the defendant exercised due diligence to keep the unqualified venireman off the jury.Beasley v. State, 39 Ala. App. 182, 185, 96 So.2d 693 (1957).
It is a good ground for a challenge for cause of a juror that the juror has been indicted for an offense of the same character as that with which the defendant is charged, Alabama Code 1975, Section 12-16-150 (3), or that the juror has been convicted of a felony. Section 12-16-150 (5). A timely challenge of Ms. Keith on either one of these grounds would have mandatorily required her excusal as a juror.
Since an accused may waive a statutory challenge for cause,Batson v. State, 216 Ala. 275, 113 So. 300 (1927), in order to avail himself of the alleged error, the defendant must show himself free from fault or negligence in discovering the juror's disqualification. Included in this is the issue of whether or not the silence of the juror deceived the defendant.
In Beasley, supra, a venireman failed to indicate that he had been convicted of adultery. The court stated that where a defendant challenges a juror after verdict, it must affirmatively appear that he did not have previous knowledge of the ground of objection and had used due diligence, or could not have discovered it by the use of reasonable diligence. Quoting from 50 C.J.S., Juries, Section 251, the court stated the governing legal principles.
 "Subject to some exceptions, the right to challenge or object for the disqualification of a juror may be waived by failure to object in proper time, even though the objecting party was previously ignorant of the disqualification. (See Batson v. State, supra.)"
* * * * * * *Page 812 
 "* * * It has been held that an exception to the rule should be made in cases where the juror was in fact duly examined and testified falsely . . . . or failed to disclose material facts, or where his answers were such as reasonably to mislead the examining party and prevent a specific inquiry as to the particular ground of objection subsequently discovered; but false answers of the juror are no excuse for failure to object if the party or his counsel is aware of their falsity. Thus, while in some cases it is held that previous ignorance of the disqualification will excuse the failure to make the objection earlier, and that advantage of it may accordingly be taken after verdict, it is generally required that it must affirmatively appear that the objecting party did not previously know of the ground of objection, and had used diligence to discover it, or could not have discovered it by the use of reasonable diligence." Beasley, 39 Ala. App. at 187-88 (citations omitted, emphasis added).
See also Williams v. State, 342 So.2d 1328 (Ala. 1977); Durdenv. State, 394 So.2d 967 (Ala.Cr.App. 1980), cert. denied,394 So.2d 977 (Ala. 1981).
Although both the defendant and his attorney had a right to rely on the juror's responses to the qualifying questions asked by the trial judge and the prosecutor, Edwards v. State,28 Ala. App. 409, 410, 186 So. 582 (1938), cert. denied, 237 Ala. 261,186 So. 583 (1939), Slay v. State, 338 So.2d 3, 5
(Ala.Cr.App. 1976), the defendant possessed specific information which conflicted with Ms. Keith's failure to respond and which demanded, upon the exercise of reasonable and due diligence, further inquiry. The diligence required to prevent a waiver must be exercised by defense counsel and the defendant. See Little v. State, 339 So.2d 1071, 1072
(Ala.Cr.App.), cert. denied, 339 So.2d 1073 (Ala. 1976). Here, the defendant had knowledge of facts sufficient to place upon him the burden of further inquiry and of transmitting such knowledge to his attorney. See Smiley v. State, 371 So.2d 469
(Ala.Cr.App. 1979). Even though Ms. Keith gave no response to the particular qualification questions asked by the trial judge and the prosecutor, the defendant had "notice of facts which ought to have excited inquiry on his part which, if pursued with reasonable diligence, would have disclosed" the basis of challenge for cause. Williams v. Dan River Mills, Inc.,286 Ala. 703, 707, 246 So.2d 431 (1971). By Ms. Keith's very silence and her failure to respond, the defendant was given adequate and sufficient notice that further inquiry into this entire matter was required. Because of the defendant's negligence in failing to timely inform his attorney of his knowledge of Ms. Keith's criminal past, the judgment of the circuit court in overruling his motion for new trial is affirmed.
AFFIRMED.
All Judges concur.