Although I concur with the majority's holding in Parts II and III of its opinion, I respectfully dissent from the holding in Part I. In Part I, the majority holds that the trial court erred by not granting the appellant's motion for a mistrial because one of the jurors knew the appellant's brother, who was a defense witness, and failed to disclose this information during voir dire. Further, the majority contends a mistrial should have been declared because the juror failed to disclose his acquaintance with the appellant and because the juror's wife had had an affair with the appellant.
During the course of the trial, the court was informed that the juror had waved at a spectator in the courtroom. The spectator stated that she was the juror's wife. The appellant was present when this occurred. After the jury returned a guilty verdict, the juror's wife informed the bailiff, who then informed the court, that she had had an affair with the appellant. The appellant contends that, although he was present in the courtroom when she told the court that she was the juror's wife, he did not hear that conversation and he did not realize that she was married to the juror until after the guilty verdict was returned. The presence of this juror on the jury did not become an issue until after the jury had returned a guilty verdict. " 'Where a defendant challenges *Page 501 
a petit juror after a verdict, the initial inquiry is whether the disqualification was a ground for the juror being mandatorily excused as a petit juror, and, secondly, whether the defendant exercised due diligence to keep the unqualified venireman off the jury.' Lollar v. State, 422 So.2d 809, 811
(Ala.Cr.App. 1982) (citing Beasley v. State, 39 Ala. App. 182,185, 96 So.2d 693 (1957))." Bradley v. State, 577 So.2d 541,554 (Ala.Crim.App. 1990). " '[I]n order to avail himself of the alleged error, the defendant must show himself free from fault or negligence in discovering the juror's disqualification.' " Bradley, 577 So.2d at 554, quoting Lollar, 422 So.2d at 811. Here, the appellant has not demonstrated that he was not at fault or that he was not negligent in discovering the reason that the juror should have been disqualified.
The appellant was present when the juror's wife told the judge in court that she was married to one of the jurors. Although he claims that he did not hear her give the court this information, the record clearly shows this colloquy took place. When she told the court that she was the juror's wife, the appellant should have informed his counsel of this fact and counsel could have asked for a mistrial at that point. If the appellant truly did not hear her disclosure, his negligence in discovering the reason for this juror's disqualification should not afford him the opportunity for a new trial. To allow the appellant to receive a new trial because he claims he was not aware of the woman's relationship to the juror when the relationship was fully disclosed in open court before jury deliberations would be a miscarriage of justice. I can conceive of many circumstances when defendants could use the "I was not paying attention" defense to create error. I would note that the majority does not allow the juror to plead ignorance, or failure to pay attention, as an excuse for not answering the question posed during voir dire regarding his acquaintance with the appellant's brother.
Further, it is clear that the appellant's brother knew that he knew the juror when he testified. It is not clear when he told the appellant and defense counsel of this fact. Clearly, if the appellant knew this, the appellant cannot now cry foul. However, even if the appellant was not aware until after the guilty verdict was returned that the juror and his brother knew one another, reversible error did not occur under these circumstances. The record fails to reveal any evidence tending to show how the juror might have been biased against the appellant as a result of his acquaintance with the appellant's brother. Clearly, the appellant's brother did not believe the appellant would be prejudiced by the presence on the jury of an acquaintance of his until after the guilty verdict was returned. In fact, I'm sure it is possible that the appellant's brother believed that the appellant would benefit by his girlfriend's brother-in-law sitting on the jury. Further, if the appellant did not object to the juror's presence on the jury after hearing that his former lover was married to the juror, it did not matter that he might have objected to his presence on the jury due to the fact that the juror and the appellant's brother knew each other. The appellant has not shown that he was prejudiced by the fact that the juror was acquainted with his brother.
I do not think that the record reveals any crucial piece of evidence that might tend to indicate that this juror was biased against the appellant; although it is apparent that the juror had heard of the appellant before the case came to trial. The record, as the majority points out, "is unclear as to whether [the] juror knew about his wife's prior involvement with the appellant." 675 So.2d at 496. There is nothing in the record that plainly shows that the juror did, in fact, have knowledge of this relationship. However, only if the juror had knowledge could an inference of bias by the juror against the appellant be drawn. I do not believe that the minimal acquaintance that the juror had with the appellant fairly gives rise to an inference of possible prejudice.
To find error in this case places the appellant in a "win win" situation. If he sits silently and the jury returns a not guilty verdict, he wins. If he sits silently and the jury returns a guilty verdict and he then gets a new trial when he speaks up, he wins.
Any error that may have occurred by this juror's presence on the jury was invited. *Page 502 
"An invited error is waived, unless it rises to the level of plain error." Ex parte Bankhead, 585 So.2d 112 (Ala. 1991), citing Johnson v. State, 507 So.2d 1337, 1344
(Ala.Cr.App. 1985), rev'd on other grounds, 507 So.2d 1351
(Ala. 1986). Clearly, this does not rise to the level of plain error.
"This Court has held that a trial judge is allowed the exercise of broad discretion in deciding whether the high degree of necessity required for a mistrial is present. See, e.g., Woods v. State, 367 So.2d 982 (Ala. 1978)." Ex parteMcCall, 541 So.2d 1075 (Ala. 1989). Obviously, this was a very complex situation and the trial court was in a much better position than this court to evaluate the witnesses' credibility concerning this matter and to determine any prejudice to the appellant. I do not find that the trial court abused his discretion by removing this juror from the jury during the sentencing phase of the trial or by denying the appellant's motion for a mistrial. For the reasons stated above, I would affirm the ruling of the trial court. Therefore, I dissent from Part I of the majority's opinion.